CONSUMER LAW OFFICE OF WILLIAM E. KENNEDY
WILLIAM E. KENNEDY (CSB #158214)
(wkennedy@kennedyconsumerlaw.com)
2797 Park Avenue, Suite 201
Santa Clara, CA  95050
(408) 241-1000- TEL
(408) 241-1500- FAX

LAW OFFICE OF TYLER S. HINZ
TYLER S. HINZ (CSB #280612)
(Tyler.Consumer@gmail.com)
2797 Park Ave, Suite 201
Santa Clara CA, 95050
(408)218-6665- TEL
(408)677-5791- FAX

Attorneys for Plaintiff ALAZAR MICHAEL

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAZAR MICHAEL, an individual | Case No.: |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 et seq.; THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CIVIL CODE §1788 et seq.; CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 et seq.** |
| vs. | |
| NEW CENTURY FINANCIAL SERVICES, a New Jersey corporation, and PRESSLER AND PRESSLER LLP, a New Jersey limited liability partnership. | |
| Defendants. | |
| | **JURY TRIAL DEMANDED** |

## INTRODUCTION

1.  This is an action brought by ALAZAR MICHAEL to redress Defendants NEW CENTURY
FINANCIAL SERVICES (hereinafter "NCFS") and PRESSLER AND PRESSLER LLP's
(hereinafter "Pressler") violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692

et seq., the California Rosenthal Fair Debt Collection Practices Act, Civil Code §1788 et seq., and California Business and Professions Code § 17200 et seq. NCFS, through their attorneys Pressler, filed a complaint in New Jersey on January 16, 2001 seeking the balance due on an alleged line of credit. Defendants claim to have served a copy of the Summons and Complaint on Mr. Michael on January 19, 2001. However, Mr. Michael was out of the country on that date and did not reside in the residence listed on the return of service. The proof of service listed Mr. Michael as a white male when Mr. Michael is of dark complexion. On February 8, 2001 Defendants obtained a default judgment against Mr. Michael.

2. Defendants obtained a levy on Mr. Michael's California bank account and proceeded to garnish his bank account in March of 2013. Prior to the levy being placed on Mr. Michael's bank account, he had no knowledge of Defendants' action against him. Plaintiff is informed and believes that Defendants took no actions to domesticate the New Jersey state judgment prior to collecting it in California. As a result of Defendants' actions, Plaintiff has been damaged.

## PARTIES

3. Mr. Michael is a natural person who resides in San Jose California, in Santa Clara County

4. Mr. Michael is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

5. At all material times, NCFS was a New Jersey corporation engaged in the business of collecting consumer debts with its principle place of business in Whippany, New Jersey.

6. Plaintiff is informed and believes that NCSF's principal purpose is the collection of consumer debts originating with others and assigned to it after default. Plaintiff is further informed and believes that NCSF regularly uses instrumentality of interstate commerce and the mails to

assist in its debt collection activities.  NCFS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

7.  At all material times, Pressler was a New Jersey limited liability partnership and law firm engaged in the business of collecting consumer debts alleged to be due another.  Pressler's principle place of business is in Parsippany, New Jersey.

8.  Plaintiff is informed and believes that Pressler's principal purpose is the collection of consumer debts originating with others.  Plaintiff is further informed and believes that Pressler regularly uses instrumentality of interstate commerce and the mails to assist in its debt collection activities.  Pressler is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

## FACTUAL ALLEGATIONS

9.  On June 8, 1998, Mr. Michael is alleged to have incurred a financial obligation (hereinafter "the account").  The account was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. On January 16, 2001, NCFS, through their attorneys Pressler, filed a civil action against Mr. Michael in the Superior Court of New Jersey County of Bergen, Docket # DC-001684-01, alleging that it had taken assignment of the account.

11. Defendants claim to have served Mr. Michael with a copy of the Summons and Complaint on January 19, 2001 at 160 Rochelle Ave., Rochelle Park NJ, 07662.

12. However, Mr. Michael was never served with a copy of the Summons and Complaint in this matter. Mr. Michael was in Eritrea at the time of the alleged service and had been living in Eritrea since 1996. Mr. Michael lived in Eritrea until 2009 and only returned to New Jersey

one time in 2006. Mr. Michael did not reside at the above address at the time of the alleged service.

13. The return of service only lists one physical characteristic of the person served; claiming to have served a "WM" (white male) but Mr. Michael, who is Eritrean, has dark skin and cannot reasonably be mistaken for a while male.

14. Defendants obtained a default judgment against Mr. Michael in this matter on February 8, 2001.

15. In 2009, Mr. Michael enrolled in a graduate program at the University of Phoenix and moved to Chino Hills California. He lived there for a month and then returned to Eritrea.

16. While in Chino Hills, Mr. Michael opened a bank account with Bank of America and deposited funds into the account. Mr. Michael used the funds in the account to pay for his University of Phoenix courses.

17. In 2010, while in Eritrea, Mr. Michael attempted to pay for his University of Phoenix courses with funds from his Bank of America account. It was at this time that he learned that Defendants had a levy on his Bank of America account and they removed all of the available funds. They removed approximately $2,900.00 from his account leaving him with nothing.

18. As a result of this removal, Mr. Michael was unable to pay for his University of Phoenix courses and was forced to withdraw from the program.

19. Mr. Michael had no knowledge of Defendants' action against him prior to this levy.

20. In July of 2012, Mr. Michael moved from Eritrea to Hayward, California. While in Hayward he obtained a new job and shortly thereafter he moved to San Jose, California.

21. Mr. Michael opened a JP Morgan Chase Bank account in September of 2012. He then started depositing money into his JP Morgan Chase Bank account.

22. In early 2013, Mr. Michael received a letter from JP Morgan Chase Bank informing him that they had received a garnishment to enforce a judgment against him and they had placed a hold on his Chase Account in the amount of $327.03. The letter stated that the order amount for the garnishment was $10,048.53.

23. In March of 2013, JP Morgan Chase Bank paid to the officer of the Bergen County Court the initial levy amount of $327.03. This amount was withdrawn from Mr. Michael's personal Chase account.

24. On top of this JP Morgan Chase Bank charged an additional "Legal Processing fee" of $125.00. The levy and the "Legal Processing fee" constituted all of the available funds in Mr. Michael's account. Mr. Michael's account was left with a zero balance.

25. Plaintiff is informed and believes, and thereon alleges that Defendants took no action to domesticate or otherwise render their New Jersey judgment collectable in the State of California.

26. A New Jersey state court judgment is not valid or enforceable in the State of California unless and until it is "domesticated" (or registered) as a California judgment in accordance with applicable law, pursuant to the Sister State Money–Judgments Act, California Code of Civil Procedure § 1913.

27. As a result of Defendant's abusive debt collection practices, Plaintiff was damaged, and is concerned about opening any banking account for fear that his funds will be levied.

### FIRST CAUSE OF ACTION
**(Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**

28. Plaintiff incorporates all paragraphs in this complaint as though fully set forth herein.

29. The account is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

30. Defendants violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character or legal status of the alleged debt.

31. Defendants violated 15 U.S.C. § 1692e and e(5) by threatening to take an action that cannot legally be taken.

32. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt. Defendants never served the Summons and the Complaint on Mr. Michael and then pursued a default judgment against him. Defendants have also garnished part of his wages without domesticating the judgment.

33. As a result of Defendants' violations of the Fair Debt Collection Practices Act, Plaintiff was damaged.

**<u>SECOND CAUSE OF ACTION</u>**
**(Violation of the Rosenthal Fair Debt Collection Practices Act: Civil Code § 1788)**

34. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

35. Plaintiff's alleged financial obligation is a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f)

36. Defendants violated Cal. Civil Code § 1788.10(e) by threatening that the nonpayment of the consumer debt may result in garnishment of wages of the debtor when that action was not permitted by law.

37. Defendants violated Civil Code § 1788.15(a) by collecting and attempting to collect a consumer debt by means of judicial proceedings, when Defendants knew that service of process, where essential to jurisdiction over the debtor or his property, had not been legally effected.

38. Civil Code § 1788.17 incorporates by reference most provisions of the Federal Fair Debt Collection Practices Act set forth in 15 U.S.C. § 1692. Defendants' violated Civil Code §

1788.17 by violating the following provisions of the Fair Debt Collection Practices Act:

    a.   Defendants violated 15 U.S.C. §§ 1692e and 1692e(10), by using false, deceptive, and misleading representations and means to collect or attempt to collect any debt;

    b.   Defendants violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount or legal status of the debt.

    c.   Defendants violated 15 U.S.C. §§ 1692e and 1692e(5) by threatening to take action that cannot legally be taken.

39. Plaintiff is informed and believes that the violation of Civil Code § 1788 et seq. by Defendants was willful and in accordance with Defendants' standard business procedures.

40. As a result of Defendants' violations of the Rosenthal Fair Debt Collection Practices Act, Mr. Michael was damaged.

### THIRD CAUSE OF ACTION
**(Violation of Unfair Competition; Cal. Bus. & Prof. Code §17200)**

41. Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all other paragraphs.

42. Section 17200 of the Business and Professions Code prohibits any unlawful, unfair or fraudulent business practices or acts.

43. The conduct of all Defendants constitutes unlawful business practices because such conduct violates the Fair Debt Collection Practices Act. Including but not limited to 15 U.S.C. §§ 1692e, 1692e(10), 1692e(2)(A) and 1692e(5) and the Rosenthal Fair Debt Collection Practices Act, including but not limited to Cal. Civ. §§ 1788.13(e) 1788.15(a), and 1788.17.

44. The conduct of all Defendants is unfair because the acts as alleged herein are oppressive and injurious to California consumers.

45. Mr. Michael has been injured in fact by the violations described above and has lost money as a result of Defendants' unfair competition acts.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants and relief as follows:

### **Violations of the Fair Debt Collection Practices Act**

1. For actual damages, including emotional distress damages caused by Defendants' conduct, pursuant to 15 U.S.C. § 1692k(a)(1);

2. For statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. For reasonable attorneys and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

4. For such other and further relief as the court deems just and proper.

### **Violations of the Rosenthal Debt Collection Practices Act**

5. For actual damages, including emotional distress damages caused by Defendants' conduct, pursuant to Cal. Civil Code §§ 1788.17 and 1788.30(a);

6. For statutory damages for Defendants' willful misconduct pursuant to Cal. Civil Code § 1788.30(b) ;

7. For reasonable attorneys and costs pursuant to Cal. Civil Code §§ 1788.17  and 1788.30(c); and

8. For such other and further relief as the court deems just and proper.

### **Violations of the Unfair Competition**

9. Issuance of a temporary restraining order, and issue preliminary and permanent injunctions to stop enforcement of the judgment in the prior action;

10. For further injunctive relief pursuant to Bus. & Prof. §17203;

11. For an order requiring Defendants to make restitution to Mr. Michael of all funds which were acquired through the judgment in the prior action; and

12. For such other and further relief as the court deems just and proper.


Dated: August 22, 2013          Respectfully Submitted,
                                LAW OFFICE OF TYLER S. HINZ
                                CONSUMER LAW OFFFICE OF WILLIAM E. KENNEDY

                    By:      ____/s/_____
                             TYLER HINZ
                             Attorneys for Plaintiff ALAZAR MICHAEL


## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.


Dated: August 22, 2013          LAW OFFICE OF TYLER S. HINZ
                                CONSUMER LAW OFFICE OF WILLIAM E. KENNEDY

                    By:      ____/s/_____
                             TYLER HINZ
                             Attorneys for Plaintiff ALAZAR MICHAEL