# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ALAZAR MICHAEL,<br><br>      Plaintiff,<br><br>   v.<br><br>NEW CENTURY FINANCIAL SERVICES, et al.,<br><br>      Defendants. | Case No.  13-cv-03892-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>[Re:  ECF 44] |

In 2001, New Century Financial Services ("NCFS"), a New Jersey debt collector, obtained a default judgment against a debtor, Plaintiff Alazar Michael, in New Jersey state court. Over a decade later, NCFS, through its law firm Pressler and Pressler LLP (a New Jersey partnership), submitted two documents to the same New Jersey court to levy against Plaintiff's bank account in order to collect on that default judgment. The debt collector had information showing that Plaintiff lived in California at the time it submitted these levy documents.

The Court must determine whether Defendants' knowledge of Plaintiff's residence, and the resulting removal of funds from Plaintiff's bank account effectuated through the levy, is sufficient for this Court to exercise specific personal jurisdiction over Defendants. The Court finds that it is not, and GRANTS Defendants' motion to dismiss for lack of personal jurisdiction.

## I.   BACKGROUND

### A.   Procedural History

Plaintiff filed his Complaint in this action on August 22, 2013, and amended as of right on September 25, 2013. Defendants moved to dismiss the amended complaint for lack of personal jurisdiction, which the Court granted. *See* ECF 40. The Court granted Plaintiff leave to amend to show that Defendants undertook actions expressly aimed at California. *See id.* at 14. Plaintiff

United States District Court<br>Northern District of California

1  amended his complaint and Defendants again moved to dismiss, contending that Plaintiff had not

2  cured the deficiencies outlined in the Court's prior Order.[1] The Court determined that this motion

3  was appropriate for adjudication without oral argument under Civil Local Rule 7-1(b).

4      **B.    Factual Background**

5      The following factual allegations are taken from Plaintiff's SAC.

6      In 1998, Plaintiff allegedly incurred a debt as defined by the Fair Debt Collection Practices

7  Act ("FDCPA"). SAC ¶ 9. In January 2001, Defendants instituted a civil action against Plaintiff to

8  collect on this debt in New Jersey's Bergen County Superior Court. Plaintiff contends that he was

9  never served with the summons or complaint in this New Jersey action, though Defendants claim

10 to have served him on January 19, 2001. In response, Plaintiff first states that he was living in the

11 African nation of Eritrea, not New Jersey, at the time of the alleged service. Second, he states that

12 the return of service described the person served as a "WM," or white male, but because Mr.

13 Michael is of Eritrean descent, "has dark skin, and cannot reasonably be mistaken for a white

14 male," he could not have been the person served. SAC ¶ 13. Defendants obtained a default

15 judgment against Mr. Michael in February 2001.

16     In 2009, Mr. Michael moved from Eritrea to Chino Hills, California, to begin a graduate

17 program. While in Chino Hills, he opened a bank account with Bank of America ("the BOA

18 account"), and deposited funds into it. He then returned to Eritrea, and in 2010 attempted to pay

19 for courses at the University of Phoenix through that BOA account. At this time, he learned that

20 Defendants had a levy on his BOA account and had removed approximately $2,900 from it,

21 leaving Plaintiff unable to pay for his coursework. SAC ¶¶ 15-18. Mr. Michael claims he had "no

22 knowledge of Defendants' action against him prior to this levy." SAC ¶ 19.

23     In July 2012, Mr. Michael moved from Eritrea to Hayward, California, and soon thereafter

24 to San Jose, California, where he currently resides. In September 2012, he opened a JP Morgan

25 Chase Bank Account ("the Chase Account"), and began depositing money into that account. In

26

27  ────────────────

    [1] Defendants also moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure
28  12(b)(6). Because the Court finds that it lacks personal jurisdiction over Defendants, it declines to
    reach these issues.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  "early 2013," he received a letter from Chase stating that it had received a garnishment to enforce

2  a judgment against him, amounting to over $10,000. Chase informed Michael that it had placed a

3  hold on his Chase Account. SAC ¶ 22. In March 2013, Chase paid an initial levy amount of

4  $327.03 to the officer of the Bergen County Court, which was withdrawn from Mr. Michael's

5  Chase Account. Chase also charged him a legal processing fee of $125, which left his account

6  empty. SAC ¶ 24. Plaintiff alleges that Defendants took no effort to domesticate the New Jersey

7  judgment in California, in violation of California Code of Civil Procedure § 1913. SAC ¶ 26.

8         With regard to the 2013 levy, Plaintiff alleges that Defendants submitted two levy

9  documents to the New Jersey court, and that at the time these documents were submitted to the

10  Court, Defendants knew that Plaintiff lived in California. *See, e.g.*, SAC Exh. 1. Plaintiff further

11  alleges that Defendants had no knowledge he lived in Eritrea prior to issuing the levies. SAC ¶ 34.

12  **II.    LEGAL STANDARD**

13         Plaintiff bears the burden of establishing that the Court has personal jurisdiction over

14  Defendants. *See, e.g.*, *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir.

15  2004). If a defendant moves to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, a

16  plaintiff must "come forward with facts, by affidavit or otherwise, supporting personal

17  jurisdiction." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). When, as here, the motion is

18  based on written materials, rather than an evidentiary hearing, the plaintiff "need only make a

19  prima facie showing of jurisdictional facts." *Schwarzenegger*, 374 F.3d 797, 800. "Uncontroverted

20  allegations in the complaint must be taken as true," *id.* at 800, though Plaintiff cannot "simply rest

21  on the bare allegations of its complaint." *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784,

22  787 (9th Cir. 1977). Conflicts between facts contained within the declarations or affidavits

23  submitted by the parties are resolved in the plaintiff's favor for purposes of plaintiff's prima facie

24  case. *See, e.g.*, *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 861–62 (9th Cir. 2003).

25         Federal courts, in the absence of a specific statutory provision conferring jurisdiction,

26  apply the personal jurisdiction laws of the state in which they sit. California's long-arm

27  jurisdictional statute is "coextensive with federal due process requirements." *Panavision Int'l, LP*

28  *v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). To exercise jurisdiction over a non-resident

3

defendant, the defendant must have "minimum contacts" with the forum state such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

## III.   DISCUSSION

Defendants argue that Plaintiff has failed to show that the Court has general or specific jurisdiction over the Defendants, two New Jersey companies attempting to collect on a judgment rendered by a New Jersey court. Plaintiff does not argue that Defendants are subject to general jurisdiction in California, only specific jurisdiction.

Courts in the Ninth Circuit employ a three-prong test when determining whether a non-resident defendant can be subjected to specific personal jurisdiction in a forum:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d 797, 802 (9th Cir. 2004).

When a plaintiff's claims sound in tort, as do all of Plaintiff's claims here, the Court engages in a "purposeful direction" analysis to determine whether a defendant's conduct was directed at the forum state, even if the actions giving rise to the tort claims took place elsewhere. *See, e.g.*, *id.* at 802-03. With regard to both the first and second prongs of the specific jurisdiction test, the plaintiff bears the burden of proof. If he meets his burden, it then shifts to defendant to "set forth a compelling case that the exercise of jurisdiction would not be reasonable." *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).

### A.   Purposeful Direction

Purposeful direction is itself subject to another three-factor test. This test derives from the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984), which demands that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374

United States District Court
Northern District of California

F.3d at 803 (citing *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). The Supreme Court has held that this inquiry must focus on "defendant's contacts with the forum state itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) ("[T]he plaintiff cannot be the only link between the defendant and the forum."). The Supreme Court further held that "*Calder* made clear that mere injury to a forum resident is not a sufficient connection to the forum" for purposes of personal jurisdiction over a defendant. *See id.* at 1125.

Plaintiff's jurisdictional allegations focus on two levy documents filed by Defendants with the New Jersey state court. *See* SAC Exhs. A, B. The first document, at Exhibit A, was filed on January 22, 2013, on behalf of New Century Financial Services. It lists NCFS as the plaintiff and Mr. Michael as the defendant, includes Mr. Michael's Hayward, California address, and levies against Mr. Michael's Chase account. SAC Exh. A at 1. The levy is directed to a Chase post office box located in Columbus, Ohio. *See id.* The second document, at Exhibit B, was stamped with the seal of the Bergen County Superior Court, and includes NCFS and Mr. Michael as parties, as well as Mr. Michael's Hayward address, but the document is otherwise illegible.[2]

The Court considers whether the filing of these two levy documents with the New Jersey court constitutes Defendants "purposefully directing" activity toward California.

### 1.    Intentional act

An "intentional act" means only that the defendant must act "with the intent to perform an actual, physical act in the real world." *Schwarzenegger* at 806. Filing the levy documents was clearly an intentional act undertaken by Defendants. *Cf. Cybersitter, LLC v. People's Rep. of China*, 805 F. Supp. 2d 958, 969 (C.D. Cal. 2011).

---

[2] Defendants encourage the Court to disregard this document in its entirety due to its illegibility. However, the Court agrees with Plaintiff that the document clearly shows Mr. Michael's Hayward address, includes New Century and Mr. Michael as parties, and includes the Bergen County court seal. The Court therefore considers this document only for those facts, because the remainder of the document is illegible. *Cf., e.g.*, *Int'l Fire & Marine Ins. Co., Ltd. v. Silver Star Shipping Am., Inc.*, 951 F. Supp. 913, 920 (C.D. Cal. 1997) (holding that the court can consider portions of documents that are difficult to read but not illegible).

United States District Court
Northern District of California

### 2.      Express Aiming

Plaintiff must show that the Defendants' tortious activity was "expressly aimed at the forum." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). The Court, in its prior dismissal order, found that Plaintiff was unable to prove that Defendants engaged in any conduct aimed at California because he had failed to make any showing that "Defendants even knew that Michael lived in California" at the time they engaged in the allegedly tortious conduct. *See* ECF 40 at 12. In response to this, Plaintiff has provided the Court with the levy documents filed by Defendants with the Bergen County court, which clearly show that Defendants were aware that Mr. Michael was a California resident at the time they levied funds from his bank account. *See, e.g.*, SAC Exh. A.[3]

Defendants contend that this knowledge of Plaintiff's residence is still insufficient for the Court to exercise personal jurisdiction over them, citing the Supreme Court's recent decision in *Walden v. Fiore*. In *Walden*, a DEA agent named Walden, working at Atlanta's Hartsfield-Jackson International Airport, confiscated approximately $97,000 in cash from two professional gamblers traveling through the airport en route from Puerto Rico to Nevada. The gamblers alleged that Walden filed a false affidavit to support the seizure, and filed a *Bivens* suit against him in Nevada. Walden moved to dismiss for lack of personal jurisdiction. On appeal, the Supreme Court unanimously found that the officer lacked sufficient contacts to be subjected to personal jurisdiction in Nevada, finding that "the relationship must arise out of contacts that the defendant *himself* creates with the forum State," and noting that "[w]e have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum state." 134 S. Ct. 1115, 1122. The Supreme Court further held that the circuit court improperly "looked to [Walden's] knowledge of [the plaintiffs'] strong forum connections," rather than, as it should have, focusing on Walden's *own* contacts with the forum. *Id.* at 1124.

---

[3] In his opposition, Plaintiff requested leave to conduct jurisdictional discovery *if* the Court found that the "documents were too speculative to indicate that Defendants knew that Plaintiff lived in California at the time of the levy." Opp., ECF 48 at 5. Because the Court finds the two documents sufficient to establish this fact, the Court DENIES Plaintiff's request.

United States District Court
Northern District of California

1    Until recently, the Ninth Circuit had not clearly spoken as to how *Walden* should be read

2    by district courts in relation to the circuit's prior personal jurisdiction jurisprudence. On March 19,

3    2015, however, the Ninth Circuit released a decision in a case factually similar to this one, *Picot v.*

4    *Weston*, which provides such instruction. *See* 2015 WL 1259528 (9th Cir. Mar. 19, 2015).

5    Plaintiff Picot, a California resident, brought suit against Defendant Weston, a Michigan

6    resident, alleging a contract claim for declaratory judgment and a tort claim for tortious

7    interference with contract. Picot and Weston had worked together to market an electrolyte which

8    could be used in hydrogen fuel cells. Picot and a third individual, Manos, then sold the technology

9    to a company called HMR Hydrogen Master Rights without telling Weston. After being informed

10   of the sale, Weston allegedly told Manos that he would "do everything in his power" to destroy

11   Manos and Picot, and sent an email threatening to sue the two men if Weston was not paid a share

12   of the sale's proceeds. As a result of these threats, "and other unspecified statements" Weston

13   allegedly made to HMR's Ohio-based owner, Tracy Coats, HMR stopped making payments to

14   Picot and Manos and the sale fell through. *Id.* at *5.

15   Under the express aiming prong, and relying heavily on the Supreme Court's holding in

16   *Walden*, the court in *Picot* held that Weston's out-of-state actions which gave rise to Picot's tort

17   claim "did not connect him with California in a way sufficient to support the assertion of personal

18   jurisdiction over him." *See id.* at *7. The court continued:

19       Weston's allegedly tortious conduct consists of making statements to
20       Coats (an Ohio resident) that caused HMR (a Delaware corporation
         with offices in Ohio) to cease making payments into two trusts (in
21       Wyoming and Australia). Weston did all this from his residence in
         Michigan, *without entering California, contacting any person in*
22       *California, or otherwise reaching out to California*. In short, "none
         of [Weston's] challenged conduct had anything to do with
23       [California] itself."

24   *Id.* (emphasis added).

25   The Ninth Circuit's holding in *Picot* is the latest in a series of cases from circuit courts

26   interpreting *Walden* to find that knowledge of a plaintiff's residence in the forum is not enough to

27   satisfy the express aiming prong of the *Calder* test. *See, e.g.*, *Rockwood Select Asset Fund XI (6)-*

28   *1, LLC v. Devine, Millimet & Branch*, 750 F.3d 1178, 1180 (10th Cir. 2014) ("*Walden* teaches that

7

personal jurisdiction cannot be based on interaction with a plaintiff known to bear a strong connection to the forum state."); *Adv. Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014) ("The district court also thought personal jurisdiction proper because Real Action knew that Advanced Tactical was an Indiana company and could foresee that its misleading emails and sales would harm Advanced Tactical in Indiana. *Walden*, however, shows the error of this approach."); *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 823 (8th Cir. 2014) (holding that knowledge of a company's state of residence "cannot create minimum contacts [] because the plaintiff cannot be the only link between the defendant and the forum").

Applying these holdings—and the broader personal jurisdiction principals of *Walden*—to this case shows why Defendants cannot be subjected to personal jurisdiction in California. Both are New Jersey companies. They are alleged to have used deceptive means to collect Mr. Michael's debt when they did not serve him with the complaint and summons in the New Jersey action, and then obtained default judgment against him. *See, e.g.*, SAC ¶ 39. These actions, too, occurred in New Jersey. In 2013, Defendants filed levy documents with the New Jersey Superior Court in Bergen County. Defendants' actions were expressly aimed at New Jersey, not California.

In his opposition, Plaintiff makes two arguments that merit the Court's attention. First, he contends that the law in this circuit holds that the "express aiming requirement is satisfied when 'the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant know to be a resident of the forum state.'" Opp. at 6 (citing *CollegeSource*, 653 F.3d at 1077). Plaintiff cites a number of other cases in support of this theory. *See id.* at 6-8. These cases, however, pre-date *Walden* and have been rendered unpersuasive following the Ninth Circuit's recent holding in *Picot*. A defendant who engages in out-of-state conduct that affects a resident of a forum state does not purposefully direct his conduct at the forum state simply by virtue of his knowledge that plaintiff lives there. *Cf., e.g.*, *Walden* at 1125 (finding that knowledge of a plaintiff's "strong forum connections," coupled with a "conclusion that [plaintiffs] suffered foreseeable harm in [the forum]," was insufficient for purposes of personal jurisdiction because it "impermissibly allow[ed] a plaintiff's contacts with the defendant and forum to drive the

8

1    jurisdictional analysis").[4]

2         Second, Plaintiff argues that the fact that the levied funds were "previously held by

3    Plaintiff in California and deposited in a bank in California" supports a finding of personal

4    jurisdiction. *See id.* at 7. This argument, however, is unavailing following *Walden*. As the Court

5    noted in its first dismissal order, determining the location of a bank account for jurisdictional

6    purposes is a difficult question, given the ability of a person to access his or her funds from around

7    the world. Plaintiff himself took advantage of this while he was living in Eritrea. SAC ¶ 17. Even

8    if Plaintiff's bank account were "located" in California for jurisdictional purposes, the money was

9    garnished from the account because of Defendants' activities in New Jersey and, to a lesser extent,

10   Ohio. Like in *Picot*, "[n]one of [the] challenged conduct had anything to do with California itself."

11   2015 WL 1259528, at *7. Critically, the Defendants did not "enter[] California, contact[] any

12   person in California, or otherwise reach[] out to California." *Id.*

13        *Walden* states clearly that "the plaintiff cannot be the only link between the defendant and

14   the forum." *Walden* at 1122. Here, like in *Walden*, none of Defendants' conduct took place in

15   California. Defendants are New Jersey companies. Plaintiff alleges improper conduct on their

16   behalf with regard to a New Jersey debt collection action and levy documents filed with a New

17   Jersey court. Mere knowledge that Plaintiff lived in California when these documents were filed is

18   insufficient to show that Defendants had minimum contacts with the forum. "A forum State's

19   exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional

20   conduct by the defendant that creates the necessary contacts with the forum." *Walden* at 1123.

21        The Supreme Court in *Walden* admonished courts to avoid "attribut[ing] a plaintiff's

---

[4] Similarly, Plaintiff's reliance on *Metropolitan Life Insurance Co. v. Neaves* is inapposite to the facts of this case. In *Neaves*, the defendant took action expressly aimed at California by sending a misleading letter into the forum state. 912 F.2d 1062 (9th Cir. 1990). Plaintiff argues that the Ninth Circuit held in *Neaves* that the defendant would have been subject to personal jurisdiction in California "even if the [] letter had been directed to one of [plaintiff's] non-California offices." *Id.* at 1065. This, however, is a clear misstatement of the Ninth Circuit's holding and is wholly unsupported by the actual text of the opinion. The *Neaves* court held only that the sending of the letter to California was not "fortuitous" because the defendant purposefully directed the conduct at California. *See id.* at 1065. In this case, there is no evidence that Defendants sent any letters to Mr. Michael in California prior to filing of the levy documents.

forum connections to the defendant and mak[ing] those connections 'decisive' in the jurisdictional analysis." *Id.* at 1125. Here, Defendants' intentional conduct was directed at New Jersey. That the effects of that conduct were ultimately felt by a California plaintiff is insufficient for the Court to exercise personal jurisdiction over Defendants.[5]

## IV.   ORDER

For the foregoing reasons, Plaintiff has not shown that Defendants purposefully directed conduct at California, and therefore cannot show that Defendants are properly subject to personal jurisdiction in California. Because the Court has already granted Plaintiff leave to amend as to personal jurisdiction, it finds that further amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1125 (9th Cir. 2000). The Court therefore GRANTS Defendants' motion to dismiss for lack of personal jurisdiction, with prejudice.

**IT IS SO ORDERED.**

Dated: March 30, 2015

BETH LABSON FREEMAN
United States District Judge

---

[5] Because the Court finds that Defendants' conduct fails to meet the "express aiming" prong, it need not consider the third prong of the purposeful direction inquiry, whether the Defendants caused harm that was likely to be suffered in the forum state.